## Richmond

RONALD NATHANIEL GLENN

v.

COMMONWEALTH OF VIRGINIA

No. 0671-88-2

Decided April 3, 1990

COUNSEL

Gerald T. Zerkin (Karen L. Ely-Pierce, Gerald T. Zerkin & Associates, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, on brief), for appellee.

OPINION

**DUFF, J.**—Ronald Nathaniel Glenn appeals his convictions of possession, with intent to distribute, of marijuana in excess of one-half ounce but less than five pounds, and possession of cocaine. Glenn was sentenced to ten years on the marijuana charge and twelve months and a $500 fine on the cocaine charge. He presents the following issues on appeal: (1) whether the evidence was sufficient to establish that he possessed, with intent to distribute, more than one-half ounce of marijuana; (2) whether the evidence was sufficient to establish that he possessed cocaine; and (3) whether the court erred in denying his motion to suppress the marijuana found in his automobile. We find no error and affirm the convictions.

I.

On the afternoon of June 5, 1987, police approached the dwelling located at 1305 College Street, South Boston, Virginia. A search warrant authorized the police to search the dwelling, which belonged to Edith Jones, and a 1974 Volkswagen belonging to the defendant parked in the driveway. The affidavit for the search warrant described both the single-family dwelling and the 1974 Volkswagen parked in the driveway, although the warrant addressed probable cause only in connection with the search of the dwelling. Earlier that afternoon, several people had been observed, at various times, crossing the street and visiting the side door of the house. The door would open and something would pass between someone inside the house and the person outside.

When the police approached the house they unsuccessfully attempted to knock the door open. They heard the flushing of the commode inside. After a few minutes the door was opened and Ronald Glenn and Edith Jones were found inside.

The police conducted a search of the premises and discovered marijuana, less than one-half ounce, along with drug paraphernalia. Among other items found in the house were a small vial and part of a plastic straw containing cocaine residue, a saucer, a spoon, razor blades, soda, a torch, and a pipe. Five small paper packets containing 0.229 ounces of marijuana were found in the den on a table. Another bag contained 0.245 ounces of marijuana. In the dining room was a set of scales. Taken from the defendant

was a bag containing $1,263 in cash.

While the police were counting the money at the house, Glenn, in response to a question addressed to Edith Jones, stated that "the stuff was his and it was his operation more or less." The police also searched the car and found four bags of marijuana, weighing a total of approximately 3.9 pounds, inside a duffle bag on the floorboard.

After being taken to the police station the defendant gave a statement in which he stated, "I am the only one that had anything to do with the possession and selling of the drugs. Edith Jones . . . didn't have anything to do with buying or selling of drugs, she didn't know anything about this." At the time of this statement Glenn was not aware that the police had found the cocaine residue in the house or the marijuana in the car.

At trial, Glenn testified that he stayed at 1305 College Street four nights a week and that he kept personal possessions there. Many of Glenn's personal belongings were found in one of the bedrooms of the house.

## II.

Appellant first contends that the evidence was insufficient to establish that he possessed the marijuana found in the car in the driveway. Therefore, he argues, since the amount found in the house was only .474 ounces, the evidence was insufficient to establish that he possessed more than one-half ounce of marijuana. We find, however, that there is ample evidence in the record linking the defendant to the 1974 Volkswagen and the drugs found inside.

When considering the sufficiency of the evidence on appeal of a criminal conviction, we view the evidence in the light most favorable to the Commonwealth and accord to it all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

On the date of the arrest, June 5, 1987, Virginia Department of Motor Vehicles' records established that the license on the Volkswagen parked at 1305 College Street had been issued to the

defendant on April 16, 1987. At the time of the suppression hearing, February 24, 1988, the car was still registered in the defendant's name. The constant registration of the car in the defendant's name, combined with the fact that both the car and the defendant were at the residence on the day of his arrest, is sufficient evidence to attribute ownership of the car to the defendant.

▌ The Commonwealth is obliged to show further, however, that the defendant not only owned the car, but was aware of its contents. As noted in *Behrens v. Commonwealth*, 3 Va. App. 131, 348 S.E.2d 430 (1986), "[s]uspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction" for their possession. *Id.* at 135, 348 S.E.2d at 432. To convict a defendant of possession of an illegal narcotic drug, the Commonwealth must show that the defendant "was aware of the presence and character of the drug and was intentionally and consciously in possession of it." *Hairston v. Commonwealth*, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987). Knowledge of the presence and character of the controlled substance, however, may be shown by evidence of the acts, statements or conduct of the accused. *Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

In the instant case we find that the circumstances attendant to the arrest were sufficient to allow the jury to conclude that Glenn not only owned the car, but was fully aware of its contents. The defendant's statements concerning the "possession and selling of drugs," combined with the circumstances under which he was arrested, fully support this conclusion.

### III.

The defendant further contends that, regardless of the amount in his possession, there is insufficient evidence to support the conclusion that he had an intent to distribute. We find this contention to be without merit.

▌ The quantity of a controlled substance is a factor which may indicate the purpose for which it is possessed. Possession of a small quantity creates an inference that the drug is for personal use. On the other hand, possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute. *Monroe v. Commonwealth*, 4 Va.

App. 154, 156, 355 S.E.2d 336, 337 (1987). In the case at bar the defendant was in possession of over four pounds of marijuana, an amount the jury could reasonably find not to be consistent with possession for personal use.

The jury need not have relied solely upon the quantity of the drug possessed to support a finding of an intent to distribute. During a ninety-minute period earlier that afternoon, several people were seen going to the door and receiving something from an occupant of the house. Glenn had $1,263 cash on his person when arrested and searched. A set of scales was found in the dining room. These facts, when combined with the statements made by Glenn that he was "the only one that had anything to do with the . . . selling of the drugs," support the jury's finding that the defendant possessed the drugs with an intent to distribute.

## IV.

The appellant next contends that he was unaware, at the time that he made the statement that the "stuff" was his, that any cocaine had been found in the house. This statement to the police, he argued, does not establish an awareness of the drug's character and Glenn's intentional possession of it; hence, he argues there was no evidence establishing his possession of the cocaine residue. We find this argument to be unpersuasive.

Glenn's conviction is based upon his constructive possession of the cocaine. *See Hambury v. Commonwealth*, 3 Va. App. 435, 437, 350 S.E.2d 524, 525 (1986). To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." *McGee v. Commonwealth*, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). The cocaine was found in a "tote bag" on a table in a bedroom where numerous items of male clothing were found. Also found were various items useful in "free basing" cocaine. Since Glenn admitted that he stayed in the house four nights each week, the evidence supports a conclusion that he stayed in the bedroom where the cocaine was found. The house

was owned and occupied by Glenn's girlfriend. There is no evidence that any male other than the defendant was living in the house. It cannot be said that the jury's verdict was without evidence to support it.

## V.

Finally, Glenn argues that the seizure of the marijuana in the car was unlawful under the Fourth and Fourteenth Amendments to the United States Constitution and Article, I § 10 of the Virginia Constitution, because the warrant under which the search was authorized was not based on facts which established probable cause to search the vehicle. We disagree and hold that a warrant authorizing the search of a dwelling is sufficient to justify the search of an occupant's vehicle parked within the curtilage.[1]

The great weight of authority supports the proposition that a search warrant authorizing the search of a dwelling covers the occupant's automobiles found within the curtilage of those premises, even where the vehicle is not named in the warrant. *See* 2 W. LaFave, *Search and Seizure* § 4.10(c), at 322 n.46 (1987); *United States v. Bulgatz*, 693 F.2d 728, 730 n.3 (8th Cir. 1982) (warrant for search of house justified search of car parked in attached garage), *cert. denied*, 459 U.S. 1210 (1983); *United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir.) (warrant for search of house justifies search of camper in driveway), *cert. denied*, 429 U.S. 920 (1976); *United States v. Beall*, 581 F. Supp. 1457, 1466 (D. Md. 1984) (warrant for search of auto body shop justifies search of truck parked in shop), *aff'd*, 767 F.2d 913 (4th Cir. 1985).

The defendant raises two arguments to rebut this line of cases. First, he argues that the vehicle in question did not belong to the owner of the residence, Edith Jones. While this assertion is correct, it ignores the fact that the evidence established that Glenn did, in fact, reside there.

Glenn admitted that he stayed at 1305 College Street four nights a week and that he kept his clothes and personal belongings there. As well, there was evidence that Glenn kept a number of

---

[1] We need not address whether a vehicle of someone other than an occupant of the premises could be searched.

firearms in the house. It is clear that Glenn was a resident of 1305 College Street. The fact that he did not hold legal title to the property does not shield him from a search of his property, located on the premises, conducted pursuant to a valid search warrant.

■ The defendant next argues that a warrant authorizing only the search of a "dwelling" does not justify a search of the "premises" or curtilage. We disagree. "Ordinarily, a description in a warrant of a dwelling at a certain place is taken to include the area within the curtilage of that dwelling, so that it would cover a vehicle parked in the driveway." 2 W. LaFave, *supra* at 322; *see also State v. Courtright*, 60 N.C. App. 247, 249, 298 S.E.2d 740, 742 (1983) ("The premises of a dwelling house include, for search and seizure purposes, the area within the curtilage . . . [including] vehicles located with the curtilage").

The warrant in this case described the dwelling to be searched and, in addition, described the automobile parked on the curtilage. We conclude that the police did not err in searching the occupant's vehicle parked in the driveway.

For the reasons stated herein, the defendant's convictions are

*Affirmed.*

Benton, J., and Cole, J., concurred.