## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Omar Kemal Shareef

## March 12, 1992

## Case No. (Criminal) 7736

BY JUDGE JAMES H. CHAMBLIN

The defendant's motion to set aside the verdict is granted. Because the evidence is insufficient as a matter of law to sustain the conviction, a judgment of acquittal will be entered.

The defendant was tried by a jury commencing on March 9, 1992, on a charge of possession with intent to distribute cocaine. After hearing approximately two hours of evidence, the jury deliberated for over five and one-half hours over two days before finding the defendant guilty of possession of cocaine and fixing his sentence at seven years of imprisonment.

### Commonwealth's Evidence

Officers of the Loudoun County Sheriff's Office started surveillance of the defendant's home in the Sugarland Run area of Loudoun County at 9:00 a.m. on October 4, 1991. Around 2:00 p.m. the same day, the defendant left his residence and drove in a black Ford Mustang equipped with a cellular telephone to the intersection of Sugarland Run Drive and Avondale Drive. He was followed by Investigator Poppa who saw the defendant stop at the aforesaid intersection, get out of the car, and walk down a public path parallel to Avondale Drive behind some bushes. The defendant left his car for about thirty seconds. Poppa did not see the defendant or what he might have done while behind the bushes.

After the defendant returned to the car, he drove off and was stopped by a number of officers a few blocks away for traffic viola-

tions. When the defendant was arrested, a pager and $325.00 in cash were taken from his person. No drugs were found on the defendant or in the car. The defendant's residence was searched later that day with a search warrant, but no drugs were found.

At the traffic stop, Poppa directed Investigator Jackson to return to the area of the bushes where the defendant had been just prior to the stop. Jackson arrived there as much as ten minutes after the defendant had left. Within two or three minutes, he found under a bush beside the path two clear plastic bags which were seized and later determined by the laboratory to contain cocaine and marijuana.

The area of the path where the drugs were found was never under surveillance. There was no evidence of who might have been on the path before or after the defendant was there that afternoon. No fingerprints were recovered from the plastic bags. Poppa testified that the Sugarland Run area is "notorious" for drugs, and Jackson testified that "some parts" of the area are "notorious" for drugs. Investigator Colavito was familiar with the path, but he did not know of anyone being arrested on it for a drug violation.

While the defendant was being booked at the Loudoun Adult Detention Center later that afternoon, the pager activated about fifty times. Poppa logged in the numbers shown on the pager each time it was activated. There was no further testimony about the numbers.

Investigator Colavito testified without objection as an expert in the field of narcotics trafficking. He testified that in his experience, drug dealers deal in and carry cash but do not carry the drugs on their person. Many drug dealers will hide the drugs and not retrieve them until they have had contact with the potential purchaser. He also explained how and why a drug dealer uses a pager.

There was no evidence whatsoever that placed the defendant in actual possession of the cocaine.

### Motion to Set Aside the Verdict

This is strictly a case of constructive possession. "To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Drew v. Commonwealth*, 230 Va. 471, 473 (1986); *Glenn v. Commonwealth*, 10 Va.

App. 150, 155 (1990). Under § 18.2–250, occupancy of the premises in which drugs are found does not create a presumption that a person either knowingly or intentionally possessed the drugs. Further, proof that contraband was found on premises occupied by the defendant is insufficient, standing alone, to prove constructive possession. *Behrens v. Commonwealth*, 3 Va. App. 131, 135 (1986). Suspicious circumstances, including mere proximity, are insufficient to support a conviction, *Garland v. Commonwealth*, 225 Va. 182, 184 (1983).

This is not a case dependent upon the credibility of witnesses. Although there were some minor contradictions in the testimony of the Commonwealth's witnesses, for example, how long it was after the stop before Jackson found the drugs, all the Commonwealth's witnesses were credible and their testimony unrefuted. This is simply a case of whether or not the Commonwealth's evidence can sustain a conviction.

Here the defendant was merely in the proximity of a place where drugs were found anywhere from a few minutes to ten minutes later. The place was in an area "notorious" for drugs. There was no evidence of how far the defendant was from the place where the drugs were found at the time Poppa lost sight of him behind the bushes. Because the defendant was only there for thirty seconds, it can be inferred that he was not a great distance from the drugs when Poppa lost sight of him. There was no evidence that the defendant made any furtive or inculpatory gestures during the thirty seconds. There was no evidence that the defendant had anything in his hands during that thirty-second period or what type of clothing he was wearing (i.e., a possible place to hide the drugs as he walked to or from the bushes).

The path was a public place to which anyone had access. It is certainly not unlawful for the defendant to stop his car on a public street and walk on a public path even for thirty seconds. He may have been going for a walk but very quickly realized that he forgot something and returned to the car.

The defendant made no statements. The only evidence besides mere proximity to the drugs consisted of the cash and pager taken from the defendant at his arrest, its going off fifty times as the defendant was booked, Colavito's expert testimony on the techniques of drug dealers, and the area being "notorious" for drugs. It is common knowledge that persons other than drug dealers do carry cash. It is not unlawful to carry cash or a pager, or both at the same time.

There was no expert testimony to relate $325.00 in cash found on the defendant's person to the techniques of a drug dealer. It is common knowledge that carrying $325.00 in cash is not that out of the ordinary. The pager may have gone off many times at the ADC, but there was no evidence of what telephone numbers were shown on the pager or where those numbers were located or to whom they were listed. There was no evidence of how a drug dealer may have used the cellular phone in his car. Considering all the Commonwealth's evidence other than mere proximity of the defendant to the drugs, I am of the opinion that it does not rise any higher than suspicious circumstances which is not enough to sustain a conviction because it does not show that the defendant was aware of the presence and character of the substance or that it was subject to his dominion and control.

When the Commonwealth relies on circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. The Commonwealth's evidence in this case is not inconsistent with innocence, and it does not exclude every reasonable theory of innocence. Although the circumstances proved create a suspicion of guilt or a probability of guilt, that is not enough to sustain a conviction as a matter of law.