COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


NORRIS S. HARRIS

MEMORANDUM OPINION[*] BY
v.          Record No. 0912-95-1      JUDGE JERE M. H. WILLIS, JR.
                                      JUNE 11, 1996
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     Rodham T. Delk, Jr., Judge

           Timothy E. Miller, Public Defender (Office of
           the Public Defender, on brief), for
           appellant.

           Steven A. Witmer, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


        On appeal from his convictions of possession of cocaine with

the intent to distribute and of resisting arrest, Norris S.

Harris contends that the evidence is insufficient to support his

convictions for possession of cocaine with the intent to

distribute.  We find no error and affirm the judgments of the

trial court.

        "On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom."  Maynard v. Commonwealth, 11 Va.

App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc).  The

judgment of a trial court sitting without a jury will not be set

aside unless plainly wrong or without evidence to support it.

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Harris contends that the evidence was insufficient to support his conviction for the January offense, because it failed to prove that he was aware of the presence of cocaine in the car.  He admits that his proximity to the cocaine is relevant, but contends that it is insufficient to prove constructive possession.

As to his February offense, Harris argues that the only evidence linking him to the cocaine is the testimony of Officer Brooks and Officer Cunningham.  He contends that because the officers neither saw the cocaine in his hand nor saw him place it between the car seats, the evidence is insufficient to support his conviction for possession.

With regard to both offenses, Harris contends that even if the evidence is sufficient to support his convictions for possession, it is insufficient to prove that he intended to distribute the cocaine.  He argues that Officer Jackson's testimony that the amounts were inconsistent with personal use and the absence of any smoking device are insufficient to prove intent to distribute.  We disagree.

To establish the charge of possession of cocaine with intent to distribute, the Commonwealth was required to prove that Harris "'intentionally and consciously possessed' the drug, either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it."  <u>Wilkins</u>

- 2 -

v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994) (en banc) (citation omitted).  To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).  "[P]ossession of a quantity [of controlled substance] greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute."  Glenn v. Commonwealth, 10 Va. App. 150, 154, 390 S.E.2d 505, 508 (1990).

We find the evidence sufficient to prove beyond a reasonable doubt that, on both occasions, Harris constructively possessed cocaine.  When he was stopped by the police on January 7, 1994, cocaine was in plain view on the floorboard of the car and he attempted to hide it.  This sufficiently proved that he had knowledge of the cocaine's character and presence and that he asserted dominion and control over it.  On February 14, he again attempted to hide the cocaine when the car in which he was riding was stopped by the police.

Officer Jackson's testimony was sufficient to prove that Harris possessed the cocaine with the intent to distribute it.

The judgments of the trial court are affirmed.

Affirmed.