## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Kenneth Lee Harris

September 26, 1996

Case No. F96-2251-2259

By Judge Donald W. Lemons

The matter before the Court is defendant's Motion to Suppress a statement taken from him while he was in the custody of detectives of the Richmond Police Department on May 24, 1996. The defendant had been arrested and was being questioned about a series of street robberies in the city. After the defendant was read his rights pursuant to *Miranda* and after he signed a form indicating that he understood his rights, the defendant and a detective had the following exchange:

Defendant: I ain't gonna talk without my lawyer though man.

Detective: Well, I don't give a damn man. All I'm saying is, your lawyer ain't gonna help you, cause we'll just take you to the Magistrate then. Like I say, that's the only deal you're getting man is the one I'm offering you right now, so if you don't want to take that . . . .

Thereafter, the detective continued the interrogation of the defendant which resulted in numerous inculpatory statements.

In the course of a custodial interrogation by the police, "[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent." *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). "If the interrogation continues without the presence of an attorney

and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Id.* at 475.

The Court's holding in *Miranda* was amplified by *Edwards v. Arizona*, 451 U.S. 477 (1981), when the Court stated: "we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id.* at 484-485.

It is clear that Harris was in custody and being questioned about criminal conduct. He was read his rights and indicated in writing that he understood his rights. The issue before the Court is whether he "invoked his right to have counsel present" and, if he did, did he then waive that right by initiating further conversation with the police.

It is hard to imagine a more forceful, clear and unambiguous declaration of the defendant's right to remain silent and to have the benefit of legal counsel than Harris' statement, "I ain't gonna talk without my lawyer." The Supreme Court of Virginia recently addressed the question of what constitutes a "clear and unambiguous" assertion by a defendant of his right to counsel in a custodial interrogation. In the case of *Midkiff v. Commonwealth*, 250 Va. 262 (1995), the Court noted:

> In prior decisions, we have been faced with the task of evaluating statements similar to the one that Midkiff asserts is a clear invocation of his right to counsel. We have held that defendants' questions, "Do you think I need an attorney here?," *Mueller*, 244 Va. at 396, 422 S.E.2d at 387, "You did say I could have an attorney if I wanted one?," *Eaton*, 240 Va. at 250, 397 S.E.2d at 393, and "Didn't you say I have the right to an attorney?," *Poyner v. Commonwealth*, 229 Va. 401, 410, 329 S.E.2d 815, 823, cert. denied, 474 U.S. 865 (1985), fell short of being clear assertions of the right to counsel. Further, the United States Supreme Court recently held that the statement, "Maybe I should talk to a lawyer," was not an invocation of the right to counsel

and, therefore, subsequent statements by the accused did not need to be suppressed. *Davis*, 512 U.S. at —, 114 S. Ct. at 2357.

Midkiff's statement falls within the category of statements which do not clearly and unambiguously request an attorney. The statement, "I'm scared to say anything without talking to a lawyer," expresses his reservation about the wisdom of continuing the interrogation without consulting a lawyer; however, it does not clearly and unambiguously communicate a desire to invoke his right to counsel. Midkiff's statement, similar to those of the defendants in *Mueller*, *Eaton*, and *Poyner*, fell short of requesting counsel in a clear and unambiguous manner.

*Id.* at 266-67. While finding that the statement made by Midkiff was ambiguous, the Court observed that, "had Midkiff wished to terminate the questioning he could have simply said 'I do not want to answer any more questions'." *Id.* at 268. Harris' statement to the detective is qualitatively different. The meaning of the statement, "I ain't gonna talk without my lawyer" is as unambiguous as that suggested by the Virginia Supreme Court. Upon this declaration, the interrogation by the detective should have ceased.

It is equally clear that the defendant did not initiate further discussion with the detectives after his assertion of his right to counsel. After indicating his view of the defendant's right to counsel by saying, "I don't give a damn," the detective denigrated any assistance counsel could provide Harris by saying, "your lawyer ain't gonna help you" and then, for the first time introduced the idea of a "deal." The disincentive to exercise his right to counsel is underscored by the statement of the detective: "that's the only deal you're getting man is the one I'm offering you right now, so if you don't want to take that . . . ." At that time, the defendant responded to the detective's suggestion and the remainder of the interview took place.

The Virginia Court of Appeals addressed a similar situation in the case of *Hines v. Commonwealth*, 19 Va. App. 218 (1994). While in a custodial interrogation, Hines asserted his right to counsel and the detective responded, "all I wanted to know is whether you're going to be a witness or a defendant in the matter." The defendant then asked what the detective meant by that statement and made certain inculpatory statements in the ensuing discussion. The Court of Appeals noted that:

By asking Hines "whether [he was] going to be a witness or a defendant in th[e] matter," the officer continued the conversation that he was bound to cease. This inquiry was a reinitiation of the dialogue that Hines sought to terminate. Furthermore, the inquiry contained the suggestion that unless Hines continued the dialogue he would be charged as a defendant and not considered a mere witness. Thus, the ensuing "communication, exchange, or conversation with the police" was initiated by the police officer's further inquiry to Hines. Once Hines invoked his right to confer with his counsel, "a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights."

*Id.* at 221 (citations omitted).

In a case decided only two days ago by the Court of Appeals of Virginia, the court restated its holding in *Blair v. Commonwealth*, 7 Va. App. 10 (1988), that:

In deciding whether an interrogation had occurred, the trial judge was required to make "a determination whether an objective observer would view an officer's words or actions as designed to elicit an incriminating response."

*Pegram and Lynch v. Commonwealth*, Record Nos. 1041-95-2, 1042-95-2, (Va. App. Sept. 24, 1996).

The Court finds that the response of the detective initiating the subject of a "deal," particularly after ignoring Harris' declaration regarding counsel and after asserting that counsel "ain't gonna help you" must be viewed by any objective observer as an attempt to elicit an incriminating response from the defendant.

The Court finds that, while in a custodial interrogation by the police, Harris clearly and unambiguously asserted his right to counsel and that the detectives did not honor his request as required by law and continued to question him. The Motion to Suppress the statement made by the defendant on May 24, 1996, is granted.