COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Elder
Argued at Salem, Virginia


ROBERT LAYTON STOCKDALE

MEMORANDUM OPINION[*] BY
v.         Record No. 1732-95-3       JUDGE SAM W. COLEMAN III
                                          OCTOBER 15, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge

Vanessa E. Hicks, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Kathleen B. Martin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Robert Layton Stockdale was convicted in a bench trial for possession of cocaine in violation of Code § 18.2-50. Stockdale contends that the trial court erred by denying his motion to suppress statements he made to the police on the ground that he was subjected to a custodial interrogation without being advised of his <u>Miranda</u> rights and by finding that the evidence was sufficient to prove that he constructively possessed cocaine. We find no error and affirm the defendant's conviction.

I.  CUSTODIAL INTERROGATION

The police cannot lawfully conduct a custodial interrogation until they advise a suspect of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). <u>Cherry v. Commonwealth</u>, 14 Va.

_____

[*] Pursuant to Code § 17-116.010 this opinion is not designated for publication.

App. 135, 140, 415 S.E.2d 242, 244 (1992). In Miranda, "[t]he [Supreme] Court defined 'custodial interrogation' as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" Stroud v. Commonwealth, 6 Va. App. 633, 637, 370 S.E.2d 721, 723 (1988) (quoting Miranda, 384 U.S. at 444).

> [A] suspect is "in custody" when the objective circumstances would lead a reasonable person to believe he was under arrest, thereby subjecting him or her to pressure impairing the free exercise of the privilege against self-incrimination. The circumstances may include factors such as the familiarity or neutrality of the surroundings, the number of officers present, the degree of physical restraint, the duration and character of the interrogation, the presence of probable cause to arrest, and whether the suspect has become the focus of the investigation.

Cherry, 14 Va. App. at 140, 415 S.E.2d at 245. The usual traffic stop or a brief Terry-type investigative detention does not involve the degree of restraint that raises concern about intimidation or abuse which Miranda was designed to protect. Berkemer v. McCarty, 468 U.S. 420, 439-40 (1984).

Here, Officers M. S. Murphy and J. L. Hise were on patrol at approximately 1:20 a.m. when they observed a truck parked in an area known as a "high drug, high crime, open-air drug market." The officers decided to investigate and to inquire about the identity and activity of the truck's occupants. The officers pulled their patrol car behind the truck, but did not activate

- 2 -

the patrol car's lights or siren.

After talking with the defendant, who was sitting in the passenger's seat, and determining that he owned the truck, Officer Murphy requested the defendant's consent to search the truck for illegal drugs and firearms. According to Officer Murphy, he advised the defendant that he was free to leave. Nevertheless, the defendant consented to the search and exited the vehicle. Officer Murphy conducted a pat-down search of the defendant and asked the defendant to stand at the rear of the truck. The defendant was not handcuffed or restrained in any manner.

Officer Hise searched the truck and found a "homemade smoking device made from a Rexal Ibuprofen bottle" in a pouch located on the part of the driver's seat below the driver's legs. Officer Murphy showed the pipe to the defendant and asked him "whose pipe it was." According to Murphy, the defendant replied that he "and his wife had had problems some months back with crack." The defendant further stated that "the pipe belonged to him, but . . . it had been months since it had been used." Officer Murphy observed what appeared to be "burnt residue" inside the pipe, but he had no means available to field test the residue. The officer seized the pipe based upon his belief that it contained cocaine residue but he did not arrest the defendant. When the lab analysis proved positive for cocaine, the defendant was arrested and charged.

The defendant contends that he was subjected to a custodial interrogation when the officers found the pipe in the truck and Officer Murphy asked him who owned the pipe. Thus, he asserts that his inculpatory response should have been suppressed because he was not given the Miranda warnings. We disagree.

> If an officer has a reasonable, articulable basis to suspect that an individual has committed or is about to commit a crime, the officer is justified in briefly detaining the suspect and asking him a limited number of questions without giving Miranda warnings in order to quell or confirm the officer's suspicion of criminal activity.

Cherry, 14 Va. App. at 140, 415 S.E.2d at 244. Here, the officers were justified in briefly detaining and questioning the defendant after conducting a consensual search of the truck and finding a "homemade smoking device which [they] believed was used to ingest some type of illegal drug." Although other officers were at the scene, Officers Murphy and Hise were the only ones who approached the truck. Neither officer drew his weapon or attempted to physically restrain the defendant in any manner. Cf. Wass v. Commonwealth, 5 Va. App. 27, 34, 359 S.E.2d 836, 840 (1987) (noting that twelve armed police officers arrived in trucks and a helicopter to execute a search warrant, surrounded Wass's house, and threatened to kill one of Wass's dogs if he did not control it). Furthermore, Murphy merely asked the defendant who owned the pipe. Murphy did not arrest or intend to arrest the defendant before the pipe could be analyzed, even though Murphy suspected that the pipe contained drug residue.

- 4 -

A seizure does not occur and the Fourth Amendment is not implicated when the police merely approach a vehicle that is parked in a public area and ask the occupants for identification information. Carson v. Commonwealth, 12 Va. App. 497, 500, 404 S.E.2d 919, 920, aff'd en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992). If no "seizure" occurred in such situation that would implicate the Fourth Amendment privacy protections, then certainly such a suspect would not have been restrained to the degree that he would have been "in custody" requiring Miranda warnings. Berkemer, 468 U.S. at 439-40. Where, as part of an investigatory detention or consensual search, an officer merely asks about the ownership of a device that is not itself illegal, the detention does not become tantamount to arrest. Under these circumstances, a reasonable person would not have concluded that he was in custody or being arrested because a pipe that might be used to smoke drugs was found during a consensual search. Thus, the trial court did not err by overruling the defendant's motion to suppress the statements he made to Officer Murphy.

II. SUFFICIENCY OF THE EVIDENCE

"To sustain a conviction for possession of a controlled substance in violation of Code § 18.2-250, the evidence must prove beyond a reasonable doubt that the accused was aware of the presence and character of the controlled substance." Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).

Although proximity to a controlled substance is not sufficient, standing alone, to prove that an accused is aware of the presence and character of drugs, it is one factor for the fact finder to consider. Id.

Here, the defendant, who was in close proximity to the cocaine, was also the registered owner of the truck in which the cocaine was found. See Glenn v. Commonwealth, 10 Va. App. 150, 154, 390 S.E.2d 505, 507 (1990). Furthermore, the pipe was in the seat cover pouch under the driver's seat in which the defendant/owner was one of the only two occupants. But, most importantly, the defendant admitted to Officer Murphy that he owned the pipe and that he had used crack cocaine in the past. See May v. Commonwealth, 3 Va. App. 348, 356, 349 S.E.2d 428, 432 (1986); see also Glenn, 10 Va. App. at 154, 390 S.E.2d at 507. The trial court could reasonably infer from these declarations "that [the defendant] knew of the existence of [the cocaine residue] at the place where [it] was found," and was consciously exercising dominion and control of it. Jones, 17 Va. App. at 574, 439 S.E.2d at 864 (quoting Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (quoting People v. Pigrenet, 26 Ill.2d 224, 227, 186 N.E.2d 306, 308 (1962))). Although the drug residue in the pipe may not have been a usable amount of cocaine, knowing possession of only a modicum of an illegal substance is sufficient for a conviction. Robbs v. Commonwealth, 211 Va. 153, 154-55, 176 S.E.2d 429, 430 (1970).

The evidence, viewed in the light most favorable to the Commonwealth, is sufficient to prove beyond a reasonable doubt that the defendant constructively possessed the cocaine found in the truck.

For the foregoing reasons, we affirm the defendant's conviction.

<u>Affirmed.</u>