COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


OMAR JOHN

MEMORANDUM OPINION[*] BY
v. Record No. 2487-00-2      CHIEF JUDGE JOHANNA L. FITZPATRICK
                              OCTOBER 2, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge

Craig S. Cooley for appellant.

Amy L. Marshall, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Omar John (appellant) was convicted in a bench trial of

possession with intent to distribute more than five pounds of

marijuana, in violation of Code § 18.2-248.1(3). He contends

the evidence was insufficient to prove (1) he possessed the

marijuana or (2) he intended to distribute it. For the

following reasons, we affirm appellant's conviction.

I. BACKGROUND

Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom. See Juares v.

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it. Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

The evidence established that Trooper Jeff Kandler was working undercover at the bus station in Richmond "screening [arriving] passengers." Kandler observed appellant get off a bus from Washington D.C. with a heavy green bag. They made eye contact, and appellant quickly walked away and entered the bathroom. Kandler waited outside the bathroom and saw appellant exit the bathroom with the green bag. Appellant again made eye contact with Kandler and abruptly went into the cafeteria where he bought a drink and french fries. Kandler then lost sight of him. Two other officers, Detective Tunstall and Investigator Simpson, joined Kandler and the three waited for appellant to leave the cafeteria. Appellant walked out of the cafeteria without the bag. Kandler stated "approximately sixty seconds elapsed" between the time he lost sight of appellant and appellant's exit from the cafeteria.

Tunstall and Simpson followed appellant, and Kandler entered the cafeteria to search for the green bag. Kandler "noticed the soft drink, the french fries on the table and the green bag underneath the table." An unidentified female sat at a table to the right of the bag. Kandler did not touch or move

-

the bag.  He left the bag in the cafeteria and returned to the main station area.

Kandler approached appellant and identified himself as a police officer.  Appellant accompanied the three officers to a nearby office.  Kandler asked appellant if he had arrived on a bus; if so, where the bus originated; and if appellant had a bag.  Appellant stated he got off a bus from Washington D.C. but denied carrying a bag.  Kandler sent Tunstall and Simpson to the cafeteria to recover the green bag.  Simpson retrieved the green bag from the floor in the far right corner of the cafeteria next to a table that held a soft drink and fries.  An unidentified Hispanic male sat at the table but denied ownership of the bag.  Neatly folded clothing, a water bottle with "Omar" written on it and a seven pound brick of marijuana with a value of $8,400 wholesale were inside the bag.  Four to five minutes elapsed between the time the detectives entered the office with appellant and the detectives recovered the green bag.

## II.  SUFFICIENCY OF THE EVIDENCE

> To support a conviction based upon constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.

Langston v. Commonwealth, 28 Va. App. 276, 285, 504 S.E.2d 380, 384 (1998).

-

> "[I]f the proof relied upon by the
> Commonwealth is wholly circumstantial . . .
> to establish guilt beyond a reasonable doubt
> all necessary circumstances proved must be
> consistent with guilt and inconsistent with
> innocence. . . .  To accomplish that, the
> chain of necessary circumstances must be
> unbroken and the evidence as a whole must
> satisfy the guarded judgment that both the
> corpus delicti and the criminal agency of
> the accused have been proved to the
> exclusion of any other rational hypothesis
> and to a moral certainty. . . ."

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820,
822 (1977) (quoting LaPrade v. Commmonwealth, 191 Va. 410, 418,
61 S.E.2d 313, 316 (1950)).  The evidence must be taken as a
whole and in sequence to determine whether appellant
constructively possessed the marijuana in the green bag.

Appellant contends the evidence was insufficient to convict
him of possessing the marijuana because the Commonwealth failed
to:  (1) establish he knew the green bag contained marijuana and
(2) there was a break in the chain of evidence when the green
bag was out of the police officers' sight.  We disagree.

Kandler testified appellant got off the bus with the green
bag and carried it to the cafeteria.  Appellant denied the bag
was his.  The items recovered from the bag included a water
bottle with "Omar" written on it and his personal belongings.
The evidence clearly establishes the bag as his.  See Shurbaji
v. Commonwealth, 18 Va. App. 415, 424, 444 S.E.2d 553, 554
(1994); Albert v. Commonwealth, 2 Va. App. 734, 742, 347 S.E.2d
536, 538-39 (1986).  Additionally, his denial of ownership

-

allowed the trial court to "infer guilty knowledge on the part of [appellant] upon finding his testimony untruthful . . . and upon consideration of his conduct prior to and during [the incident]." Speight v. Commonwealth, 4 Va. App. 83, 89, 354 S.E.2d 95, 99 (1987).

Next, appellant argues that because the bag was left unguarded in a public place while the officers were questioning him, some other person may have tampered with it and placed the seven pound brick of marijuana inside.

"Where circumstantial evidence is sufficient to exclude every reasonable hypothesis of innocence, it is sufficient to support a conviction. The hypotheses which must be thus excluded are those which flow from the evidence itself, and not from the imaginations of defense counsel." Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983) (citing Turner v. Commonwealth, 218 Va. 141, 148-49, 235 S.E.2d 357, 361 (1977)).

No evidence indicated that anyone else touched the bag during the brief period it was out of the officers' view. The marijuana was placed under neatly folded clothing with no evidence of disturbance, and the bag was in the same location as when appellant set it down. The fact that other people were in the immediate area, without more, does not require a contrary finding.

-

Thus, we hold that the evidence was sufficient to prove appellant possessed both the bag and the drugs located within it.

## II.  INTENT TO DISTRIBUTE

Appellant next contends that even assuming the drugs belonged to him, the evidence did not establish that he intended to distribute them.

> Where an offense consists of an act combined with a particular intent, proof of the intent is essential to the conviction. Because direct proof of intent is often impossible, it must be shown by circumstantial evidence.  But "[w]here . . . the Commonwealth's evidence of intent to distribute is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"

Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1998) (internal citations omitted).

Appellant possessed over seven pounds of marijuana with a wholesale value of $8,400.  The trial court found that the marijuana "[w]as compressed for the purpose of transporting.  It does not appear that any of it . . . you don't have a hunk out of it.  I have no indication that he had been using it.  It's a tremendous amount.  I haven't seen that much marijuana in this Court in a long time."  Officer Moore's testimony that ordinarily such a large amount is inconsistent with personal use allows the trial court to infer these drugs were for

-

distribution.  See Glenn v. Commonwealth, 10 Va. App. 150, 155, 390 S.E.2d 505, 508 (1990) (holding jury could reasonably conclude that possession of over four pounds of marijuana was inconsistent with personal use and consistent with distribution); Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122-23 (1996) (holding evidence sufficient in view of quantity of cocaine, even though expert admitted it was conceivable a user with a "serious drug addiction" could consume that amount of cocaine).

Lastly, nothing in the record indicates that appellant had the brick of marijuana for his personal use.  No drug paraphernalia or other indicia of personal use was in his bag or on his person.  See Clark v. Commonwealth, 32 Va. App. 286, 304-05, 527 S.E.2d 484, 493 (2000) (noting a factor from which one can infer intent to distribute was that no paraphernalia for smoking was found); Glasco v. Commonwealth, 26 Va. App. 763, 497 S.E.2d 150 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Therefore, we hold the evidence sufficient to support a finding that appellant intended to distribute the drugs found in the green bag.

For the foregoing reasons, we affirm.

Affirmed.