COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


ROY LAWRENCE LATTA, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 1349-01-2         JUDGE G. STEVEN AGEE
                                      SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                    William L. Wellons, Judge

            Buddy A. Ward, Public Defender (Robert R.
            Meeks, Senior Assistant Public Defender, on
            brief), for appellant.

            John H. McLees, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Roy Lawrence Latta, Jr. (Latta), was convicted in the

Lunenburg County Circuit Court of possession of cocaine with

intent to distribute, in violation of Code § 18.2-248, and

possession of marijuana with intent to distribute, in violation

of Code § 18.2-248.1(a)(1).  Latta was sentenced to serve a term

of twenty-three months incarceration.  On appeal, Latta contends

the trial court erred by (1) denying the motion to suppress his

confession and (2) finding the Commonwealth's evidence

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sufficient for conviction.  For the following reasons we affirm the judgment of the trial court.[1]

### I.  MOTION TO SUPPRESS

Latta contends the trial court erred by denying his motion to suppress the confession he made after his arrest in which he admitted that he knowingly possessed the cocaine and marijuana (the narcotics) discovered in a search of his home.  Latta contends the trial court should have suppressed his confession because (1) he was subjected to interrogation after he invoked his right to counsel and (2) his confession was a result of coercion.  We disagree and hold the trial court properly denied the motion to suppress.

On appeal from a trial court's ruling on a motion to suppress

> [w]e view the evidence in the light most favorable to the prevailing party, [the Commonwealth in this case,] granting to it all reasonable inferences fairly deducible therefrom.  We review the trial court's findings of historical fact only for "clear error," but we review de novo the trial court's application of defined legal standards to the particular facts of a case.

Harris v. Commonwealth, 27 Va. App. 554, 561, 500 S.E.2d 257, 260 (1998).  So viewed, the evidence supports the trial court's

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

findings that Latta, having waived his <u>Miranda</u> rights, did not invoke his right to counsel and his confession was not coerced.

### A.   <u>MIRANDA</u> WAIVER AND RIGHT TO COUNSEL

Prior to the search of his home, Latta was advised of his <u>Miranda</u> rights and signed a written waiver.  Upon discovery of the drugs and his arrest, Latta was twice advised orally of his <u>Miranda</u> rights.  Yet again, upon arrival at the police station, Latta received two more <u>Miranda</u> warnings and signed two additional written waivers.

It is clear that the arresting officers repeatedly informed Latta of his rights pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and that Latta waived those rights prior to making his confession.  If, however, Latta invoked his right to have counsel present during his interrogation, "a valid waiver of this right cannot be established . . . even if he has been advised of his rights."  <u>Quinn v. Commonwealth</u>, 25 Va. App. 702, 711, 492 S.E.2d 470, 475 (1997) (citing <u>Edwards v. Arizona</u>, 451 U.S. 477, 484 (1981); <u>Eaton v. Commonwealth</u>, 240 Va. 236, 252, 397 S.E.2d 385, 395 (1990); <u>Hines v. Commonwealth</u>, 19 Va. App. 218, 221, 450 S.E.2d 403, 404 (1994)).

Latta contends he was subjected to interrogation after he invoked his right to counsel and any waiver of that right is invalid.  We find no support in the record for this contention.  We find that Latta, having waived his <u>Miranda</u> rights, did not

- 3 -

invoke his right to have counsel present and he voluntarily waived his <u>Miranda</u> rights.

The invocation of the right to counsel must be clear and unequivocal. <u>Davis v. United States</u>, 512 U.S. 452, 458-60 (1994); <u>Midkiff v. Commonwealth</u>, 250 Va. 262, 266, 462 S.E.2d 112, 115 (1995) (assertion must be "clear and unambiguous"); <u>Eaton</u>, 240 Va. at 253-54, 397 S.E.2d at 395-96 (holding that a suspect must assert his right to counsel clearly). Latta contends he invoked his right to counsel when he informed Officer Vaughan that he was calling his lawyer while seated in the police car. However, the trial court found that Latta did not complete this call and never advised any officer that he wanted to speak with an attorney.

Latta's action of simply telling a police officer that he was calling his lawyer does not amount to a clear and unequivocal request for counsel. See <u>Midkiff</u>, 250 Va. at 265-68, 462 S.E.2d at 114-15 (a suspect's remark during interrogation that he was "scared to say anything without talking to a lawyer" was held not to be a clear and unequivocal invocation of the right to counsel).

## B. VOLUNTARY CONFESSION

Latta also contends his confession was a result of coercion and, for that reason, should have been suppressed. He alleges Chief Dayton threatened to arrest his wife if he did not confess to knowingly possessing the narcotics. The evidence in the

- 4 -

record does not support this allegation, and we hold Latta's confession was voluntarily made.

At trial, "[t]he Commonwealth has the burden to prove, by a preponderance of the evidence, that a defendant's confession was freely and voluntarily given." Bottenfield v. Commonwealth, 25 Va. App. 316, 323, 487 S.E.2d 883, 886 (1997). The voluntariness issue is a question of law requiring an independent determination on appeal. E.g., Wilson v. Commonwealth, 13 Va. App. 549, 551, 413 S.E.2d 655, 656 (1992). "In assessing voluntariness, the court must determine whether 'the statement is the product of an essentially free and unconstrained choice by its maker, or . . . whether the maker's will has been overborne and his capacity for self-determination critically impaired.'" Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994) (quoting Stockton v. Commonwealth, 227 Va. 124, 140, 314 S.E.2d 371, 381 (1984) (internal quotations omitted)). In reviewing the trial court's determination of voluntariness, "we are bound by the trial court's subsidiary factual findings unless those findings are plainly wrong." Wilson, 13 Va. App. at 551, 413 S.E.2d at 656.

Chief Dayton did inform Latta, during their conversation prior to Latta's last waiver of rights, that since the narcotics were found on property owned by both Latta and his wife, who were both present at the search, it was possible that Latta's wife could be charged. Latta's wife, therefore, could have been

- 5 -

arrested in good faith for cause at that time. In addition, Chief Dayton testified that he never told Latta that he <u>would</u> arrest Latta's wife.

As there is no evidence that Chief Dayton's statement was unjustified or made in bad faith, there is no evidence of coercion. <u>See</u> <u>Rogers v. Richmond</u>, 365 U.S. 534 (1961). We, therefore, hold Latta's ensuing confession was voluntarily made.

Accordingly, we affirm the decision of the trial court to deny Latta's motion to suppress his confession.

## II. SUFFICIENCY OF THE EVIDENCE

Latta also challenges the sufficiency of the evidence to prove he possessed the narcotics discovered in his backyard. We find the record reflects sufficient evidence to support the trial court's findings and verdict.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we view the evidence in the light most favorable to the Commonwealth and accord to it all reasonable inferences deducible therefrom." <u>Glenn v. Commonwealth</u>, 10 Va. App. 150, 153, 390 S.E.2d 505, 507 (1990). Absent evidence the decision is "plainly wrong" or without support, we will uphold the conviction. <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); <u>Traverso v. Commonwealth</u>, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

The evidence in this case was sufficient to convict Latta who confessed to the knowing possession of the narcotics. We,

however, recognize that the confession alone is not sufficient. See Jefferson v. Commonwealth, 6 Va. App. 421, 424, 369 S.E.2d 212, 214 (1988) ("In Virginia an extrajudicial confession of an accused that he committed the offense with which he is charged is not, alone and uncorroborated, adequate proof of the corpus delicti."). Where "the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the corpus delicti." Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984) (citing Campbell v. Commonwealth, 194 Va. 825, 833, 75 S.E.2d 468, 473 (1953)), (emphasis added), cert. denied, 469 U.S. 1230 (1985).

The narcotics were found in an overturned flowerpot at the base of a tree in Latta's backyard. There is no evidence of other residences near the location or that any other persons had ready access to the yard. The evidence shows that the location is frequently visited by the Latta family as an end of their clothesline was tied to the tree, the children's toys were scattered nearby, and a footpath runs from their vehicle parking place to the tree. In addition, the obvious value of the narcotics justifies an inference that someone did not abandon them. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992).

The foregoing evidence and Latta's confession were sufficient evidence to prove the corpus delicti, the knowing

possession of the narcotics.  Accordingly, we uphold the judgment of the trial court and affirm Latta's convictions.

<u>Affirmed.</u>